UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICAELA SUNDHOLM, | : |
| Plaintiff, | : Civil Action No. 14-1996 (AET)(DEA) |
| v. | : **MEMORANDUM OPINION** |
|  | : **AND ORDER** |
| ESUITES HOTELS, LLC, *et al.*, | : |
| Defendants. | : |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Buchanan Ingersoll & Rooney PC ("Buchanan") to withdraw as counsel for Defendant David William Berger [Dkt. No. 39].[1] Plaintiff Micaela Sundholm does not oppose Buchanan's withdrawal from the case [Dkt. No. 46].[2] For the reasons set forth below, Buchanan's Motion to withdraw as counsel for Mr. Berger is GRANTED.

**I.   BACKGROUND**

Plaintiff filed her Complaint on March 28, 2014, alleging ten causes of action stemming from an alleged Ponzi scheme wherein Plaintiff claims Defendants caused her to invest in a company known as eSuites Hotels, LLC ("eSuites") [Dkt. No. 1]. Plaintiff claims that in 2008,

---

[1] In addition to Mr. Berger, Plaintiff's Complaint states claims against: eSuites Hotels, LLC, Gerald D. Ellenburg, Kevin E. Cline, Bryan Langton, OCS Capital Group, Gilbert Michael Olguin, Bruce Adams, and Douglas H. Forsyth.
[2] While Plaintiff does not oppose Buchanan's withdrawal from the case, she requests that the Court enter an Order stipulating that Mr. Berger has been properly served.

Mr. Berger introduced her to Mr. Ellenburg and Mr. Cline, who made representations to Plaintiff regarding high-yield return investments in eSuites and the company's purported success. According to Plaintiff, as a result of the representations made to her by Defendants, she purchased 50,000 shares of eSuites for approximately $100,000.00, and transferred an additional $100,000.00 in exchange for a promissory note issued by eSuites. Plaintiff alleges that she never received any stock certificates for the shares or income from the promissory note.

As relevant to the present Motion, Buchanan entered a Notice of Appearance on behalf of Mr. Berger on July 24, 2014 [Dkt. Nos. 19, 20]. Prior to Buchanan's entry of appearance on behalf of Mr. Berger, a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) was filed on behalf eSuites, Mr. Cline, Mr. Ellenberg and Mr. Langton [Dkt. No. 15].[3] On August 6, 2014, Buchanan filed a Notice of Joinder in the pending Motion to Dismiss on behalf of Mr. Berger [Dkt. No. 35].[4] On August 12, 2014, Buchanan filed the present Motion to withdraw as Mr. Berger's counsel.

Buchanan claims that its entry of appearance on behalf of Mr. Berger was "erroneous" and "arose from a miscommunication amongst counsel regarding Mr. Berger's retention and representation." Dkt. No. 39, Dalton Decl. at 2. Plaintiff does not oppose the withdrawal of Buchanan from the case. However, Plaintiff requests that the Court "grant the Motion only if the Court's Order establishes that the Summons and Complaint are deemed to have been properly served upon [Mr.] Berger." Dkt. No. 46 at 1. In the alternative, Plaintiff requests that the Court grant her additional time to properly effectuate service on Mr. Berger. Plaintiff claims that she reasonably believed Buchanan's entry of appearance and joinder in the Motion to Dismiss on

---

[3] Buchanan represents Defendants eSuites, Mr. Cline, Mr. Ellenberg and Mr. Langton in this action.
[4] The Motion to Dismiss is still pending and additional Motions to Dismiss have been filed by the remaining Defendants [Dkt. Nos. 16, 32].

behalf of Mr. Berger constituted a waiver of service and argues that requiring her to now attempt other means of service will cause additional expenses and delay.

**II.    DISCUSSION**

Withdrawing from representation is governed by Local Civil Rule 102.1, which states that "[b]efore a case is set for trial, counsel may withdraw from representation freely so long as other counsel is substituted. In all other circumstances, withdrawal . . . requires leave of court." The decision of whether to grant withdraw "is entirely within the discretion of the court." *Haines v. Leggett Grp., Inc.,* 814 F. Supp. 414, 422 (D.N.J. 1993). When evaluating a motion to withdraw, courts should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case." *Id.* at 423.

Although the present Motion seeks withdrawal from the case, Buchanan's position is that it never actually represented Mr. Berger and the entry of appearance and joinder in the Motion to Dismiss filed on behalf of Mr. Berger resulted from miscommunication between Buchanan and Mr. Berger. Accordingly, because the parties do not object to Buchanan's withdrawal and it does not appear that withdrawal will cause any prejudice or hinder the resolution of this case, the Court finds that Buchanan's withdrawal as Mr. Berger's counsel is proper.

While Plaintiff does not object to Buchanan's withdrawal, she contends that "[i]t would be an extreme injustice and prejudicial" to require Plaintiff to now attempt to serve Mr. Berger. Dkt. No. 46 at 1. Plaintiff argues that Buchanan's entry of appearance on behalf of Mr. Berger waived service and requests that the Court deem service upon Mr. Berger properly effectuated. Under to N.J. Ct. R. 4:4–6, "[a] general appearance or acceptance of the service of a summons, signed by the defendant's attorney or signed and acknowledged by the defendant . . . shall have

the same effect as if the defendant had been properly served." *See Marina Bay Towers Urban Renewal II, L.P. v. City of N. Wildwood*, 2009 WL 2147356, at *n. 3 (D.N.J. July 14, 2009) ("[a] general appearance . . . shall have the same effect as if the defendant had been properly served.").

Here, although Buchanan filed an entry of appearance on behalf of Mr. Berger, Buchanan maintains it never actually represented Mr. Berger. Therefore, because Buchanan was not retained as counsel for Mr. Berger, its appearance on Mr. Berger's behalf does not constitute a waiver of service. Furthermore, Plaintiff makes no claim or showing that service of the Summons and Complaint was attempted or effected on Mr. Berger. Accordingly, because there is no indication that Plaintiff properly served Mr. Berger and Buchanan's entry of appearance on Mr. Berger's behalf did not act as a waiver of service, the Court finds that Plaintiff must now properly serve Mr. Berger with the Summons and Complaint in accordance with the requirements of Federal Rule of Civil Procedure 4.

However, because Plaintiff was unaware of the miscommunication between Buchanan and Mr. Berger and therefore reasonably believed that Buchanan's filing of an entry of appearance and joinder in the Motion to Dismiss on Mr. Berger's behalf resulted in a waiver of service, the Court will grant Plaintiff's request for additional time to serve Mr. Berger and re-set the 120-day service deadline set forth in Rule 4(m).

### III.   CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 20th day of October, 2014,

**ORDERED** that Buchanan's Motion to withdraw as counsel for Defendant David William Berger [Dkt. No. 39] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have 120 days from the entry of this Order to effectuate service of process on Mr. Berger in accordance with Federal Rule of Civil Procedure 4.


Dated: October 20, 2014                                /s/ Douglas E. Arpert
                                                       DOUGLAS E. ARPERT
                                                       United States Magistrate Judge