NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Micaela Sundholm, | Civ. No. 14-1996 (AET) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| eSuites Hotels LLC, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

On October 27, 2014 this Court issued an Opinion and Order dismissing Liberty Title Defendants, OCS Capital Defendants, and all federal claims, among other things. (Doc. Nos. 65-67, Op., Order, Modifying Order). Currently before the Court are Plaintiff's Motion to Amend the Complaint and Plaintiff's Motion for Reconsideration, seeking to reinstate some state law claims and to amend the Court's previous dismissal of certain Defendants with prejudice to a dismissal without prejudice. (Doc. Nos. 74, 79, Mot. Recons., Mot. Am.). Pursuant to Local Civil Rule 78.1(b), the Court has decided the Motions based on the parties' written submissions and without oral argument. For the reasons stated herein, the Court will reinstate all previously dismissed state law claims and then dismiss the case without prejudice for Plaintiff to refile in state court. Plaintiff's Motion for Reconsideration will be denied as moot, and Plaintiff's Motion to Amend her Complaint will be denied without prejudice.

BACKGROUND

For purposes of this Opinion, the Court assumes the parties' familiarity with the facts in the case and briefly summarizes only those facts relevant to the Court's decision. Essentially,

1

Plaintiff contends that three groups of Defendants engaged in a fraudulent hotel-development scheme and defrauded Plaintiff in the amount of $200,000.

Plaintiff alleges that she was solicited by Defendant David Berger to invest in eSuites Hotels, LLC, an entity purportedly developing a new hotel chain. Berger introduced Plaintiff to eSuites Defendants Kevin E. Cline and Gerald D. Ellenburg, who discussed the returns and successes of eSuites with Plaintiff, and ultimately Plaintiff invested in eSuites in April of 2008 by purchasing $100,000 worth of shares and by making an additional short-term loan of $100,000. In connection with the loan, Plaintiff received a Promissory Note executed by Ellenburg and an unsigned Escrow Agreement dated April 25, 2008, representing that her $100,000 would be held by Liberty Title Defendants in escrow. Plaintiff contends that for the next few years, Defendants continued to send her false representations about the progress of eSuites. For example, on April 30, 2009, Ellenburg forwarded to Plaintiff a notice from OCS Capital Defendants about bond financing in Arizona.

Plaintiff asserts she never received any stock certificates evidencing an ownership interest in eSuites, and her $100,000 loan was never repaid. She claims that the notice by OCS Capital Defendants was false and that eSuites was a phantom business that never intended to build hotels, but rather was created to defraud investors. After communications with Defendants ceased in 2012, she hired counsel to investigate and filed a Complaint in federal court on March 28, 2014, alleging federal and state law fraud and securities claims. Defendants filed Motions to Dismiss, which Plaintiff opposed and responded to with a Cross Motion to Amend her Complaint. On October 27, 2014 this Court dismissed or denied leave to amend on all federal claims, all claims against Liberty Title Defendants, OCS Capital Defendants, and Bryan Langton, and some state claims. Plaintiff subsequently filed an Amended Complaint and the

present Motion for Reconsideration and Motion to Amend, seeking to assert twelve state law claims and to amend the Court's previous dismissal of some Defendants and some state law claims with prejudice to a dismissal without prejudice.  Plaintiff does not contest the prior dismissal of all federal claims with prejudice.

## DISCUSSION

A.  Legal Standard

Even if not raised by the parties, federal courts "are obligated to address the question of subject matter jurisdiction *sua sponte*."  *Harper v. Mao*, No. 06-01059, 2006 WL 1967362, at *1 (E.D. Pa. July 12, 2006) (quoting *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990)).  Jurisdiction in federal court may be based on, *inter alia*, a federal question under 28 U.S.C. § 1331 or diversity under 28 U.S.C. § 1332.  Section 1332(a) requires complete diversity, meaning no plaintiff is a citizen of the same state as any defendant.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  The citizenship of a natural person is determined by the state of her domicile, and the citizenship of a limited liability company is determined by the citizenship of each partner or member of the LLC.  *Id*. at 419–20.

In addition, 28 U.S.C. § 1367 grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, if all claims over which the district court had original jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over the remaining claims.  28 U.S.C. § 1367(c)(3).  *See also Kach v. Hose*, 589 F.3d 616, 650 (3d Cir. 2009) (stating that a court's decision to decline supplemental jurisdiction "should be based on considerations of judicial economy, convenience and fairness to the litigants"); *Kalick v. Nw.*

*Airlines Corp.*, 372 F. App'x 317, 322 (3d Cir. 2010) ("Absent extraordinary circumstances, jurisdiction over claims based on state law should be declined where the federal claims are no longer viable."). Plaintiff bears the burden of demonstrating jurisdiction. *See Harper*, 2006 WL 1967362, at *1.

   B. Analysis

Here, this Court originally had subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367, but on October 27, 2014 the Court dismissed all of Plaintiff's federal claims with prejudice as time-barred or inapplicable to the facts alleged.[1] (Doc. Nos. 65-67, Op., Order, Modifying Order). Plaintiff's Motion for Reconsideration does not contest the dismissal of all previous federal claims, and Plaintiff's Proposed Amended Complaint asserts only state law claims. (Doc. No. 79, Mot. Amend). Thus, at this point there are no federal claims before the Court and therefore, no jurisdiction under 28 U.S.C. § 1331.

In addition, Plaintiff has not established a basis for jurisdiction under 28 U.S.C. § 1332. The Complaint's assertion of § 1332 jurisdiction was erroneous, as there was incomplete diversity when the case was filed: Defendant Douglas H. Forsyth is a citizen of New Jersey, like Plaintiff. (Doc. No. 1, Compl. at para. 13). Although the Court's October 27, 2014 Order dismissed claims against Forsyth and other Defendants, at this point the Court cannot fully assess whether complete diversity exists because Plaintiff's Complaint and Amended Complaint failed to plead the citizenship of every member of eSuites Hotels, LLC, OCS Capital Group, LLC, and

---

[1] Plaintiff's Complaint Counts I, II, III, IV, and IX asserted federal claims under the Securities Act of 1933, the Securities Exchange Act of 1934, and RICO. (Doc. No. 1, Compl.). All of the remaining claims, including those filed as part of Plaintiff's first Motion to Amend, arose under state law. (*Id.*; Doc. No. 57, Mot. Amend).

Liberty Title Agency, LLC.  *See Zambelli* 592 F.3d at 419–20 (explaining that the citizenship of an LLC is determined by the citizenship of each of its members).  If any member of the LLC Defendants is a citizen of New Jersey, complete diversity is destroyed.  *See Celestial Cmty. Dev. Corp. v City of Phila.*, 901 F. Supp. 2d 566, 581–82 (E.D. Pa. Sept. 28, 2012).  Moreover, Plaintiff's Amended Complaint improperly asserts claims against unspecified John Does and ABC Companies without alleging the citizenship of these Defendants, which also destroys complete diversity.  *See Frisof v. Swift Transp. Co., Inc.*, No. 7-2331, 2008 WL 2550767 (M.D. Pa. June 23, 2008) (citing *Abels v. State Farm Fire and Cas. Co.*, 770 F.2d 26, 30 (3d Cir. 1985)); *Vail v. Doe*, 39 F. Supp. 2d 477, 477–78 (D.N.J. Mar. 10, 1999).  Lastly, Plaintiff's Motion for Reconsideration seeks to preserve the possibility of reinstating dismissed Defendants upon future discovery of fraudulent conduct, but the reinstatement of such Defendants may render diversity incomplete.[2]  (Doc. No. 74, Mot. Recons.).  Thus, jurisdiction under 28 U.S.C. § 1332 has not been demonstrated on the present record, and the only basis for subject matter jurisdiction over Plaintiff's state law claims would be supplemental jurisdiction under 28 U.S.C. § 1367(a).

Upon further review of Plaintiff's claims, the Court will, pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over Plaintiff's state law claims since all of the federal claims have been dismissed with prejudice.  *See Kalick*, 372 F. App'x at 322 ("Absent extraordinary circumstances, jurisdiction over claims based on state law should be declined where the federal claims are no longer viable."); *Burnsworth v. PC Lab.*, 364 F. App'x 772, 775 (3d Cir. 2010) ("[W]here the claim over which the district court has original

---

[2] For example, the reinstatement of Defendant Douglas H. Forsyth, a citizen of New Jersey, or Liberty Title Agency, LLC, if Forsyth is a member, would destroy complete diversity.

jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (emphasis in original) (internal citations omitted).  It appears that at no point were there viable federal claims in this action, since they were all clearly time-barred or inapplicable to the facts at hand.  (Doc. No. 65, Op.).  The dispute between the parties is limited solely to twelve state law claims, and thus comity strongly supports a refusal to extend jurisdiction here.  Moreover, this case, less than a year old, is at the early stages of litigation—no scheduling order is in effect, no discovery has been conducted, no trial date has been set.  Thus, the interests of judicial economy, convenience, and fairness to the parties do not weigh in favor of exercising supplemental jurisdiction here.

After considering all relevant factors, the Court will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and dismiss the case without prejudice for Plaintiff to refile in state court.[3]  Furthermore, in the interests of justice the Court will reinstate all previously dismissed state law claims,[4] including claims against all dismissed Defendants, for adjudication in state court.  As such, Plaintiff's Motion for Reconsideration will be denied as moot, and Plaintiff's Motion to Amend will be denied without prejudice.

## CONCLUSION

For the reasons above, the Court will reinstate all previously dismissed state law claims against all Defendants and then dismiss the case without prejudice for Plaintiff to refile in state court within 30 days.  Plaintiff's Motion for Reconsideration will be denied as moot, and

---

[3] However, this Court's previous dismissal of all federal claims in the Complaint with prejudice will remain undisturbed.  (Doc. No. 66, Order).

[4] This reinstatement extends to claims that Plaintiff sought to add as part of her first Motion to Amend but which the Court denied leave to amend.

Plaintiff's Motion to Amend will be denied without prejudice. An appropriate Order and Judgment follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
